IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| WILLIAM NEAL SMITH, | CV 13-124-BLG-SEH-CSO |
|---|---|
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATE MAGISTRATE JUDGE |
| U.S. GOVERNMENT, | |
| Defendant. | |

This matter comes before the Court on Plaintiff William Smith's Motion to Proceed *In Forma Pauperis* (*DKT 1*) and proposed Complaint. (*DKT 2*). Smith, a federal employee, seeks to challenge the Hatch Act's prohibition on his running for partisan political office.

The Court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963). Mr. Smith's motion should be denied because he has not shown he is unable to pay the full filing fee.

1

Smith indicates in his motion that he is employed and his average monthly income is $5,500.00.[1] Additionally, he and his spouse have approximately $5,000.00 in cash. Given Smith's employment and the value of his bank accounts, the Court cannot conclude that he may proceed *in forma pauperis.*

In addition, 28 U.S.C. § 1915(e)(2) allows this Court to dismiss the case if it appears from the facts of the complaint that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Tripati v. First Nat'l Bank & Trust,* 821 F.2d 1368, 1370 (9th Cir. 1987)("A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.").

Smith's claims are frivolous because this issue has already been decided against him by the United States Supreme Court in *U.S. Civil Service Commission v. National Ass'n of Letter Carriers, AFL -CIO*, 413

---

[1]Smith's application is somewhat confusing in that in paragraph one he indicates his average monthly income if $5,500.00 but in paragraph two he indicates his gross monthly pay is $6,500.00.

U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973) (*cited with approval in Free Enterprise Fund v. Public Accounting Oversight Bd.,* 130 S.Ct. 3138, 3174 (2010)), which specifically upheld the Hatch Act's restrictions on political activities of federal employees.

Smith's motion to proceed in forma pauperis should be denied because he can afford to pay the full filing fee and his Complaint should be dismissed because his claims are frivolous.

Accordingly, the Court issues the following:

### RECOMMENDATIONS

1. Smith's Motion to Proceed *in Forma Pauperis* should be **DENIED** and his Complaint should be **DISMISSED** as frivolous.

2. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Smith may serve and file written objections to these Findings and Recommendations within

3

fourteen (14) days of the date these Findings and Recommendations were served which is the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

If Smith files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record relied on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Smith from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 7th day of October, 2013.

/s/ Carolyn S. Ostby
United States Magistrate Judge